UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUDOLPH JOHNSON                                    CIVIL ACTION

VERSUS                                             NUMBER: 14-0401

CAROLYN W. COLVIN, ACTING                          SECTION: "A"(5)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Presently before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. (Rec. doc. 10).[1/]  Plaintiff has filed no memorandum in opposition to Defendant's motion, timely or otherwise.[2/]

The above-captioned matter is an action seeking judicial review of an adverse decision of the Commissioner of the Social Security Administration denying Plaintiff's application for Supplemental Security Income ("SSI") benefits.  (Rec. doc. 3).  The statute that creates an aggrieved claimant's right to bring such a lawsuit provides that the ". . . action [be] commenced within sixty days after the mailing to him of notice of such

---

[1/] Because the Defendant relies on matters outside of the pleadings, such as the Declaration of Ms. Nicoll, the motion is, in essence, a motion for summary judgment under Rule 56(c), Fed.R.Civ.P. *Flores v. Sullivan*, 945 F.2d 109, 110 n.3 (5th Cir. 1991).

[2/] As Plaintiff has filed no response to Defendant's motion, the Court may properly assume that he has no opposition to it.  *See* Local Rule 7.5; *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007).

[adverse] decision . . ."   42 U.S.C. §405(g).   *See also* 20 C.F.R. §416.1481.[3/]   The Commissioner's duly promulgated Regulations also provide for a presumption that the adverse decision was mailed to and was received by the individual within five (5) days of its date unless a reasonable showing is made to the contrary.   20 C.F.R. §§416.1401, 422.210(c).  Unless the action is commenced within the applicable statutory and regulatory time period, the Court is unable to entertain it.  42 U.S.C. §405(h).  *Flores v. Sullivan*, 945 F.2d 109, 111-13 (5th Cir. 1991); *Thibodeaux by Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987).

As reflected by the exhibits supporting Defendant's motion, on January 31, 2013, the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's decision denying him SSI benefits.  (Rec. doc. 10-3, pp. 13-15).  Under §§416.1401 and 422.210(c), it is presumed that Plaintiff received the ALJ'S decision within five days of January 31, 2013, or by February 5, 2013.  The sixty-day time period within which to timely file suit commenced to run on the following day, February 6, 2013, and expired sixty days later on April 7, 2013.  The above-captioned lawsuit, however, was not tendered to the court for filing until at least February 20, 2014.  (Rec. doc. 3).  Because Plaintiff's lawsuit

---

[3/] The review provisions of §405(g) which are applicable to judicial actions challenging the denial of Disability Insurance Benefits are also applicable to actions challenging the denial of Supplemental Security Income benefits.  42 U.S.C. §1383(c)(3).

was not instituted within the time period set forth by law, and the Court being alerted to no circumstances warranting the application of equitable tolling or to any challenge based upon constitutional grounds, it will be recommended that Defendant's motion be granted and that Plaintiff's suit be dismissed.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendant's motion be granted and that Plaintiff's suit be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this ___6th___ day of ___August___, 2014.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

3